```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

DENETRIS BRISTER                          CIVIL ACTION

VERSUS                                    NO: 05-4034

UNIVERSAL SODEXHO AND                     SECTION: "J" (2)
ROWAN COMPANIES, INC.
```

**ORDER AND REASONS**

Before the Court is defendant Universal Sodexho's ("Universal's") Motion for Summary Judgment. (Doc. 19.) Plaintiff opposes the motion. (Doc. 20.) For the reasons stated below, the Court finds that the motion should be GRANTED in part and DENIED in part.

**BACKGROUND**

Plaintiff Denetris Brister was employed by Universal as a gallery hand to work aboard the ROWAN GORILLA II pursuant to a contract between Universal and co-defendant Rowan Companies. Plaintiff was ordered, as part of her regular duties, to strip the wax from a control room floor. The job required her to carry a mop bucket containing water up and down a flight of stairs. Plaintiff carried the bucket down to a bathroom where she would

1

empty the dirty water, add clean water, and carry it back upstairs. She did this several times during one twelve-hour shift.

Plaintiff alleges that carrying the bucket of water injured her arm and wrist. She testifies that she complained to her Rowan supervisor that the bucket was too heavy. Plaintiff testifies that she asked for help in carrying the bucket, or to a be allowed alternative methods of performing her job. The Rowan supervisor refused either accommodation. Plaintiff also testifies that her Universal supervisor knew of plaintiff's concerns and did nothing to alleviate the problem.

## LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

**DISCUSSION**

Plaintiff sued both defendants for negligence and unseaworthiness. Universal argues that because it is not the ship owner and exercised no control over the vessel, it cannot be held liable for any unseaworthiness. Plaintiff counters that Universal was aware of the problem and that actions creating unseaworthy conditions were taken on Universal's behalf. Plaintiff cites no authority supporting an unseaworthiness claim against an employer based on allegations such as she makes. The basic rule is that "[t]his remedy is traditionally only available against the shipowner and the vessel." *Stokes v B.T. Oilfield Serv.*, 617 F.2d 1205, 1207 (5th Cir. 1980). Plaintiff's own complaint alleges that "[a]t all pertinent times hereto, Rowan Companies, Inc. owned operated and/or controlled the M/V Gorilla 2." (Doc. 1 ¶ V.) Plaintiff's allegations are insufficient as a matter of law to find Universal liable for unseaworthiness.

The duty to provide a safe work environment does rest with the employer under ordinary negligence theories. This duty is a broad one, triggered by the employer's notice and opportunity to correct the unsafe condition. *Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 374 (5th Cir. 1989). Universal argues that there exists no issue of material fact that Universal did not breach its duty of care toward plaintiff to provide a safe work place. Universal

offers evidence that plaintiff was trained not to carry objects that she felt were too heavy, but to "break down the load" into manageable weights. Universal notes that plaintiff filled her own bucket with water and that she was responsible for exercising ordinary prudence. Universal argues that she should have carried less water or asked for help. Plaintiff counters with testimony that she was ordered by her Rowan supervisor to carry the bucket by herself, and that her Rowan supervisor dictated the amount of water that was required to be in the bucket.

Most of the testimony plaintiff offers concerns Ms. Heather Longmire of Rowan rather than Ms. Green of Universal. The only evidence on record relating to Ms. Green indicates that she "was aware of what was going on" and did nothing to help plaintiff. Pl.'s Depo. p.124, line 3.  Plaintiff testifies that "[w]hen several of the men started complaining and Ms. Green come up and saw that I was just on the verge of tears from struggling with this bucket of water, then Ms. Heather, you know, pretended to start trying to help because, you know, everyone started talking like, 'My God, what are you doing?'" Pl.'s Depo. p.126 lines 13-19.

Universal cites cases for several relevant legal propositions, such as a seaman's obligation to exercise ordinary prudence and common sense, and the absence of employer negligence

4

where the seaman had a safe alternative and chose not to take it. Both seaman and employers are held to an ordinary prudence standard. *See Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 338-39 (5th Cir. 1997). However, the issue of reasonableness is one of fact and inference. The record before the Court does not foreclose plaintiff's claims against Universal. Settling all doubts and inferences in plaintiff's favor, plaintiff was ordered to continue working in an injurious manner, and Universal's supervisor, Ms. Green, was a party to that order and work environment. Question exists as to whether this was an unreasonable breach of Universal's duties to plaintiff to provide a safe work environment, adequate equipment, or adequate personnel.

## CONCLUSION

Plaintiff is precluded as a matter of law from recovering against Universal for any unseaworthiness of the ROWAN GORILLA II. Genuine questions of material fact exist regarding plaintiff's negligence-based claims against Universal.

Accordingly,

**IT IS ORDERED** that Universal Sodexho's Motion for Summary

where the seaman had a safe alternative and chose not to take it. Both seaman and employers are held to an ordinary prudence standard. *See Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 338-39 (5th Cir. 1997). However, the issue of reasonableness is one of fact and inference. The record before the Court does not foreclose plaintiff's claims against Universal. Settling all doubts and inferences in plaintiff's favor, plaintiff was ordered to continue working in an injurious manner, and Universal's supervisor, Ms. Green, was a party to that order and work environment. Question exists as to whether this was an unreasonable breach of Universal's duties to plaintiff to provide a safe work environment, adequate equipment, or adequate personnel.

## CONCLUSION

Plaintiff is precluded as a matter of law from recovering against Universal for any unseaworthiness of the ROWAN GORILLA II. Genuine questions of material fact exist regarding plaintiff's negligence-based claims against Universal.

Accordingly,

**IT IS ORDERED** that Universal Sodexho's Motion for Summary

Judgment (Doc. 19)  is **GRANTED IN PART** and **DENIED IN PART**.

New Orleans, Louisiana this the 7th day of September, 2006.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE